NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| STEVEN J. GREENSTEIN,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>WELLS FARGO BANK, N.A.,<br><br>     Defendant-Appellee. | No. 17-15877<br><br>D.C. No.<br>2:14-cv-01457-APG-CWH<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 17, 2018[**]
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,[***] District Judge.

In 2011, Greenstein contacted Wells Fargo Bank, N.A. ("Wells Fargo")

about modifying or refinancing his loan. Wells Fargo representatives told

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Greenstein that he was ineligible for certain programs because the loan's one million dollar principal exceeded program caps. Over the course of four months, Greenstein paid $265,000 toward the principal of his loan. Greenstein then applied for refinancing, but his application was rejected by Wells Fargo's underwriter. The underwriter gave several reasons for rejecting the application, including that Greenstein did not provide requested information, his income was not high enough, and he had too many outstanding debts. Greenstein thereafter sued Wells Fargo for breach of contract, violation of the implied covenant of good faith and fair dealing, and fraud. The district court granted summary judgment in Wells Fargo's favor on all of Greenstein's claims. Greenstein appeals.

We review a district court's grant of summary judgment de novo. *Hunt v. City of L.A.*, 638 F.3d 703, 709 (9th Cir. 2011). For the reasons set forth below, we affirm.

1. Wells Fargo is entitled to summary judgment on Greenstein's breach of contract and implied covenant claims because there is no evidence in the record from which a reasonable juror could find that Greenstein and Wells Fargo had a contract to modify Greenstein's loan. In Nevada, "[t]o succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Ed.*,

837 F. Supp. 2d 1176, 1180 (D. Nev. 2011). Greenstein's claim fails on the first element, because there was no evidence that agreement was reached. Greenstein contends that he and Wells Fargo entered into an oral contract for Greenstein to pay down his loan principal in exchange for approval of a refinance agreement. In support of his argument, Greenstein points to phone conversations between Wells Fargo representatives and his father, who was authorized to speak to Wells Fargo on his behalf, and to loan application documents sent to Greenstein by Wells Fargo. Neither supports his claim. Transcripts of the phone conversations show that Wells Fargo representatives told Greenstein's father about Greenstein's potential refinance and modification options but that the representatives did not promise that Greenstein would be approved for any modification or refinance agreement. The loan application documents were also plainly tentative. No reasonable juror could conclude that the evidence in the record supports the basic elements of contract formation. *See* Restatement (Second) of Contracts § 22 (Am. Law Inst. 1981) (noting that manifestation of mutual assent to an exchange ordinarily requires offer and acceptance).

Without a contract, Greenstein's claim for breach of the implied covenant of good faith and fair dealing necessarily fails as well. *See Clark Cty. v. Bonanza No. 1*, 615 P.2d 939, 943 (Nev. 1980) ("As a general rule, none is liable upon a contract except those who are parties to it."); *Hilton Hotels Corp. v. Butch Lewis*

*Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991) (describing the covenant of good faith and fair dealing).

2.     Wells Fargo is also entitled to summary judgment on Greenstein's fraud claim because Greenstein has not shown that Wells Fargo made a false representation to him.  Under Nevada law, the elements of fraud are: (1) a false representation; (2) the defendant's knowledge or belief that the representation is false; (3) the defendant's intention to induce the plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) the plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).  Greenstein argues that Wells Fargo "made false statements in regard to the refinance process." But Greenstein does not identify any statement in particular made by Wells Fargo that was false.  He contends only that he "was under the impression that should the principal go down to $729,000 then Wells Fargo would refinance his loan."  It is plain from the record, however, that Wells Fargo representatives did not tell Greenstein that in those circumstances Wells Fargo would refinance his loan or make any other promises to him.  The Wells Fargo representatives told Greenstein that he might be eligible for additional refinance programs if he reduced the principal of his loan.  Greenstein does not assert, and the record does not show, that this was false.

**AFFIRMED.**